No. 21,240.

F. M. HARTMAN, *Appellant,* v. JOHN BALDWIN et al., *Appellees.*

SYLLABUS BY THE COURT.

1. HIGHWAYS—*Cutting Down Hedge—Notice to Owner.* Under the hedge law (Gen. Stat. 1915, § 4826) the road overseer has no right to cut a hedge after having given the owner only 29 days' notice to cut it.

2. HEDGE LAW—*Legally Adopted in Douglas County.* The evidence examined, and held sufficient to warrant the finding that the hedge law was adopted by the electors of Douglas county.

3. PRACTICE—*New Trial—On Certain Issues Only.* Under section 307 of the civil code, the trial court did not err in setting aside the verdict, granting a new trial on two of the issues only, and ordering that the other facts found by the jury stand as the established facts in the case.

Appeal from Douglas district court; CHARLES A. SMART, judge. Opinion filed November 9, 1918. Affirmed.

*Scott Martin,* of Overbrook, *S. D. Bishop, John J. Riling,* and *Edward T. Riling,* all of Lawrence, for the appellant.

*J. S. Amick, Hugh Means,* and *Raymond F. Rice,* all of Lawrence, for the appellees.

The opinion of the court was delivered by

WEST, J.: This was an action for damages for cutting down trees. The plaintiff failed in the court below, and appeals. He alleged, in substance, that near the north side of his feed lot stood a number of Osage orange trees and a number of other trees, sufficient in size to furnish shade in summer and a windbreak in winter. That the defendants, Baldwin, Right, Sullivan and Dodder (who are township trustee, clerk, treasurer, and road overseer respectively) counseled, advised, and directed the other defendants to cut down and destroy a majority of these trees. The defendant officers answered, setting up their official titles and duties, the others averring that they were laborers. The hedge law was alleged to have been adopted by the electors of Douglas county in 1898. It was averred in the answer that on the south side of a public highway on the north side of plaintiff's land there was a hedge fence,

Hartman v. Baldwin.

the trees therein being less than 16 feet apart; that the fence was not necessary as a protection to the orchards, vineyards, and feed lots; that the hedge fence was many years old, hardy, and rank, 20 to 25 feet high, with branches extending 15 to 20 feet into the public highway; that it shaded the highway and prevented its drying out after rains, and in other ways was a hindrance to the road overseer and the road dragman in keeping it in good shape for use by the public; that after due notice to the plaintiff and his failure to cut the hedge the defendants proceeded to cut it to comply with the provisions of the hedge law. The reply denied that the trees ever constituted a part of the hedge, and denied that the plaintiff had any hedge fence on that part of his farm. The jury found that the hedge law was adopted in 1898, the majority of the electors being in favor thereof, and had been in force ever since; that the plaintiff refused to cut the hedge or trees along the north side of his land; that there was a line of Osage orange trees growing in a row along that side; that these trees had been planted as a hedge fence and were 20 to 30 feet high; that there was a public highway along the north side of plaintiff's land over which these trees extended, and that they, together with the stone fence and wires attached to the trees and stone fence, constituted the fence along the north side of his land during February and March, 1915. The jury further found that the plaintiff, prior to the cutting of the trees, fenced off a tract along the highway, containing about eight acres, and placed cattle therein; that this inclosure extended along the public highway about 60 rods and was fenced off two or three days before the hedge was cut; and that the plaintiff did not fence it off and place cattle therein for the purpose of claiming it as a feed lot and preventing the cutting of the hedge or trees. The jury returned a verdict for the plaintiff for $67 multiplied by three, $201. The defendants moved to set the verdict aside and render judgment for them on the special findings on the ground that the latter were inconsistent with the general verdict. A motion for a new trial was also filed. The former was overruled and the latter sustained, and it was ordered that a new trial be had only upon the issues whether the hedge trees described in the pleadings constituted a hedge fence within the meaning of the law, and the measure of plaintiff's recovery, if any, "the find-

ings of fact made by the jury at the former trial . . . to
stand as established facts in this case." Each side appeals, the
plaintiffs complaining of instructions; that the call for election
adopting the hedge law was illegal; that the notice was insuffi-
cient; and that the court erred in setting aside the general ver-
dict and in granting a new trial. The defendants say there
was no error in the instructions; that the hedge law was legally
adopted; and that the court committed no error in setting aside
the verdict and in granting a new trial, but insist that the un-
disputed facts require that this court direct judgment in their
favor upon the findings returned by the jury.

Counting the day on which the notice was served and exclud-
ing the one on which the trees were cut, but 29 days were left,
instead of 30 which the statute requires. (Gen. Stat. 1915,
§ 4826). Until the expiration of the thirty days the defendants
had no legal right to proceed.

The court erred in charging that the 29 days' notice was
sufficient, but as the jury found for the plaintiff he was not
harmed by this instruction.

The testimony touching the adoption of the hedge law was,
in substance, that petitions calling for an election were sent to
the township boards for their signatures, which, with the pos-
sible exception of two townships, were returned to the sender
and filed with the county clerk. A notice of the election in the
official paper was produced, reciting that the county board
had received petitions signed by more than two-thirds of the
members of the township boards of the county requesting the
board to submit to the electors the adoption of the hedge law,
and that the board had by proclamation called and ordered
such election. A notice was also produced reciting that an
election had been held, that the vote had been canvassed and
found to be 2,420 for and 692 against, and proclaiming the
hedge law to be in full force and effect. After the lapse of
nearly 20 years this showing was sufficient to warrant the
finding that the law was adopted. (*Gehlenberg v. Saline
County,* 100 Kan. 487, 165 Pac. 286.)

Generally the granting of a new trial is discretionary, but
in this instance the order was to leave the findings as the set-
tled facts in the case, except as to the questions whether the
trees described in the pleadings constituted a hedge fence

Merkle v. Hiatt.

within the meaning of the law and as to the measure of plain-
tiff's recovery, if any, on which two points alone the new trial
was to be had. Section 307 of the civil code contains this
provision:

"A new trial shall not be granted as to any issues in a case unless on
the pleadings and all the evidence offered at the trial and on the motion
for new trial the court shall be of the opinion that the verdict or deci-
sion is wrong in whole or in some material part, and the new trial shall
be only of the issues as to which the verdict or decision appears to be
wrong, when such issues are separable." (Gen. Stat. 1915, § 7209.)

. There was considerable evidence on these two issues, and
the trial court háving considered it and being dissatisfied
with the action of the jury thereon, properly directed that
these two matters be submitted to another jury, and thereby
followed the plan marked out by the code.

The defendants contend that the evidence was such that
it was the duty of the court to direct judgment for them upon
the special findings, but their argument is substantially di-
rected to the sufficiency of the evidence, which, as already
appears, was not satisfactory to the trial court.

No substantial error appearing, the ruling is affirmed.